UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tayan Jackson,<br><br>　　　　Petitioner,<br><br>v.<br><br>Warden C. Chestnut,<br><br>　　　　Respondent. | Case No.: 2:24-cv-01087-APG-BNW<br><br>**Order Dismissing Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241**<br><br>[ECF No. 10] |

Petitioner Tayan Jackson, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking relief in relation to his federal custody. ECF No. 10. The petition challenges the respondent's alleged refusal to transfer him to a halfway house or home confinement as provided under 18 U.S.C. § 3624(c). The petition is meritorious, but I must dismiss it as moot.

## BACKGROUND

Jackson is serving a 39-month sentence for attempt and conspiracy to commit bank fraud and identity theft. *United States v. Jackson*, No. 5:18-cr-20462 (E.D. Mich. filed March 24, 2022). He began serving his sentence in March 2022. ECF No. 10 at 1. As of May 13, 2024, he had been incarcerated at the Nevada Southern Detention Center (NSDC) for 25 days. ECF No. 10 at 7. His anticipated release date is January 25, 2025.[1]

---

[1] This is the date provided by the BOP's inmate locator as of August 22, 2024. *See* https://www.bop.gov/inmateloc/. Jackson claims that time credits will advance his release date to October 11, 2024. ECF No. 18 at 2.

He alleges that the respondent, the warden at NSDC, and his staff refused accept his request for release to a halfway house or home confinement. *Id*. at 6.  He claims that he was advised by staff that NSDC was "not a catch and release facility" and that "there is no timeframe on how long [he would] be detained at NSDC." *Id*. at 7.  Mail returned to the court as undeliverable shows that Jackson was no longer incarcerated at NSDC as of June 23, 2024. ECF No. 4.  On July 8, 2024, the court received a notice from Jackson that he had been transferred to FCI Victorville in California, where he is currently incarcerated. ECF No. 8.

**DISCUSSION**

    **A.  Subject Matter Jurisdiction**

When Jackson filed his petition, he was incarcerated in Nevada, and he named as respondent the warden of the institution where he was imprisoned.  Thus, he "properly complied with habeas procedure." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).  Despite his transfer to a facility in California, jurisdiction remains with this court. *See id.*; *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (internal quotation marks and citations omitted)).

    **B.  Exhaustion of Administrative Remedies**

Federal prisoners are generally required to exhaust available administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).  However, the failure to satisfy the exhaustion requirement applicable to § 2241 proceedings is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by*

*Reno v. Koray*, 515 U.S. 50, 54–55 (1995). Thus, where a federal prisoner fails to properly exhaust administrative remedies prior to filing a § 2241 petition, the district court has discretion to waive the exhaustion requirement and reach the merits. *Id*.

Jackson notes in his petition that he did not seek an administrative remedy because he does not have enough time left on his sentence to complete the administrative process and still obtain the benefit of a halfway house or home confinement. ECF No. 10 at 3. In subsequent filings, he also claims that the staff at FCI Victorville have interfered with his efforts to seek administrative remedies. ECF Nos. 11/16. The respondent does not raise Jackson's failure to exhaust as an affirmative defense in his response. Given these circumstances, I waive the exhaustion requirement.

**C. Merits**

Jackson contends that the respondent's refusal to process his request for placement in a halfway house or home confinement violates § 3624(c), which provides, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Community correctional facilities are also known as residential re-entry centers (RRCs) and are often referred to as "halfway houses." *See Rodriguez v. Smith*, 541 F.3d 1180, 1181 n. 1 (9th Cir. 2008). The BOP's authority under § 3624(c) "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

Section 3621(b) gives the BOP authority to "designate the place of the prisoner's imprisonment" at a location it "determines to be appropriate and suitable," considering (1) the resources of the facility, (2) the "nature and circumstances of the offense," (3) the history and characteristics of the inmate, (4) any statement by the sentencing court, and (5) any policy statement from the U.S. Sentencing Commission. 18 U.S.C. § 3621(b). These criteria govern § 3624(c) decisions on community re-entry placement. *Sacora v. Thomas*, 628 F.3d 1059, 1063 (9th Cir. 2010). Individualized review according to the five listed factors is mandatory. *Id.* at 1068 (citing *Rodriguez v. Smith*, 541 F.3d 1180, 1187 (9th Cir. 2008)).

The respondent argues that this court has no authority to order Jackson's release to home confinement or a halfway house. The respondent is correct that discretionary decisions made by the BOP are not subject to judicial review. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Even so, the court "does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016). Here, the respondent does not dispute Jackson's allegation that staff at NSDC refused to even consider his request for placement in either a halfway house or home confinement as authorized by § 3624(c)(2). Such a refusal without applying the mandatory factors listed in § 3621(b) to Jackson violated established federal law. *See Rodriguez v. Smith*, 541 F.3d at 1187 (holding that failure to consider the five statutory factors when considering eligibility for placement in or transfer to an RRC violates § 3621(b)).

In sum, federal law requires the BOP to consider the appropriateness of transferring Jackson to an RRC or home confinement in light of the factors set forth in § 3621(b). Failure to do so provides grounds for habeas relief.

**D.  Mootness**

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a).  A federal court issuing a writ of habeas corpus "must have personal jurisdiction over the custodian"; . . . "[w]ithout such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir.1999) (holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495–99 (1973) (holding that § 2241 jurisdiction lies both in the district of actual physical confinement and in the district where the court can serve process on the custodian).

In discussing the power of a district court which initially acquires proper jurisdiction to act after the prisoner is moved, the court in *Rumsfeld* stated that the district court may direct the writ to "any respondent within its jurisdiction who has the legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441.  In this case, the BOP does not maintain any facilities or regional offices in Nevada.[2]  Thus, there is no respondent within the territorial jurisdiction of this court to whom it could issue a writ in this case.

A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A federal action should "be dismissed as moot when, by virtue of an intervening event," a federal court cannot grant "any effectual relief" in favor of the party seeking relief. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation omitted); *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir.

---

[2] The NSDC is maintained by U.S. Immigration and Customs Enforcement.

2005) (finding habeas petition moot where petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus") (internal quotation and ellipsis omitted)).  Here, Jackson's transfer to FCI Victorville in California—outside the court's territorial jurisdiction—prohibits me from being able to grant "any effectual relief" and, as such, renders the petition moot.

I THEREFORE ORDER that Jackson's petition for a writ of habeas corpus **(ECF No. 10) is DISMISSED as moot**.  The Clerk shall enter judgment accordingly and close this case.

I FURTHER ORDER that Jackson's motion to correct the named respondent **(ECF No. 12) is denied a moot**.

I FURTHER ORDER the Clerk to send a copy of this order to: Warden Jacob Doerer; FCI Victorville Medium II; P.O. Box 5400; Adelanto, CA  92301.

Dated: August 23, 2024

_____
U.S. District Judge Andrew P. Gordon